UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIONAL WASTE ASSOCIATES, LLC | : | |
| | : | |
| Plaintiff, | : | No. 3:20-CV-485(VLB) |
| | : | |
| v. | : | |
| | : | March 29, 2020 |
| GHAI MANAGEMENT SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### MEMORANDUM OF DECISION DENYING MOTION TO DISMISS [DKT. 28]

The Plaintiff, National Waste Associates, LLC ("NWA") brings this action for (i) breach of contract, (ii) tortious breach of contract, (iii) unjust enrichment, and (iv) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), against the Defendant, Ghai Management Services, Inc. ("Ghai"). [Dkt. 1 (Compl.)]. NWA alleges that it and Ghai were parties to a service agreement that Ghai breached in February 2020. *See* Compl. Ghai filed a motion to dismiss, or in the alternative, a motion to transfer, alleging that this Court lacks personal jurisdiction to hear this case, that NWA has failed to state a claim upon which relief can be granted for counts one, two and four, and that venue is proper in California. [Dkt. 28 (Mot.)]. NWA filed an opposition arguing that Ghai consented to jurisdiction and venue in Connecticut by assenting to the forum selection clause in the parties' service agreement, and that NWA set forth sufficient allegations with respect to counts one, two, and four to overcome dismissal. [Dkt. 32 (Opp.)]. Ghai filed a reply to the opposition. [Dkt. 33 (Reply)]. NWA filed a sur-reply after receiving Court approval.

1

[Dkt. 37 (Sur-Reply)]. For the following reasons, Ghai's motion is DENIED in its entirety.

I.  BACKGROUND

NWA is engaged in the business of, *inter alia*, providing waste removal management and recycling services for its clients throughout the country, with a principal place of business in Connecticut. [Compl. at ¶ 2]. Ghai owns, manages, and/or operates franchised restaurants at approximately 150 locations with a principal place of business in California. [*Id.* at ¶ 3]. NWA has provided services to Ghai on an ongoing basis beginning in or around November 2012. [*Id.* at ¶ 6].

NWA filed with its complaint a service agreement between it and Ghai ("Agreement"). [Compl. at Ex. A (hereinafter "Agreement")]. The Agreement provides that NWA "will manage solid waste and recyclable services, including recyclables, for the locations it has been currently servicing (as listed in [NWA's] ongoing invoices) and those additional locations listed in Addendum A." [Agreement at 1]. The Agreement provides an effective date of August 1, 2018 and continues through July 31, 2023. [*Id.*]. The Agreement also provides that Ghai agreed to pay NWA monthly for this service. [*Id.* at 4].

The Agreement is signed in counterpart. It has two substantively identical signature pages each signed by one or more of the parties. [*Id.* at 8–9]. The first signature page was signed by Sunny Guy, in his capacity as President of Ghai, on April 4, 2018. [*Id.*]. The second signature page was signed by Gurinder Kehr, in his capacity as Director of Projects and Development for Ghai, on April 5, 2018.

[*Id.*].  The second signature page was counter signed by Carmine Esposito, in his capacity as Managing Member of NWA, on April 5, 2018.  [*Id.*].

Both signature pages contain a forum selection clause which state in their entirety:

> The provisions of this Agreement and any claim or defense arising out of this Agreement shall be construed, interpreted and governed in accordance with the laws of the State of Connecticut. In addition, the parties agree that all disputes which may arise under this agreement shall be adjudicated in the State or Federal Courts located in the State of Connecticut. Each party hereby consents to the jurisdiction of such courts over itself in any action relating to this agreement.

[*Id.*].  The forum selection clause on both signature pages is identical.  [*Id.*].

The Agreement includes a cancellation clause.  [*Id.* at 5–6].  The cancellation clause includes the following:

> After the initial sixty (60) days from the beginning date of this Agreement (transition period), Agreement may be terminated or otherwise canceled by either party for non-performance upon (60) days written notice. "Non-performance" of Contractor shall be defined as a failure despite three (3) written notifications to correct a Services problem at any one location in any one month. Services problems include, but are not limited to, missed pick-ups and Services shut-offs at Customer locations. Any service problems caused in any part by Customer or its previous contractor(s) will not be a basis for "Non-performance" of Contractor. "Non-performance" of Customer shall be defined as a failure despite three (3) written notifications to pay Contractor within its payment terms. This Agreement may not be terminated or otherwise canceled by either party without cause. Customer may request that Contractor change its subcontractor should Customer deem the performance of the said subcontractor to be unsatisfactory.

*[Id.* at 6].

The Agreement also makes reference to an addendum, Addendum A. [*Id.* at 1].  Addendum A was provided to the Court in NWA's opposition to Ghai's motion

to dismiss. [Opp. Ex. B]. Addendum A is a spreadsheet that contains a list of locations for restaurants in California, Missouri, and Oregon. [*Id.*].

After the Agreement was consummated, NWA performed services in accordance with the Agreement. [Compl. at ¶ 15]. Ghai paid NWA's invoices until its February 20, 2020 invoice. [*Id.* at ¶ 16]. Mr. Ghai sent NWA a termination notice for nonpayment. [*Id.* at ¶ 17]. The termination notice did not comply with the Agreement's cancelation clause because it was not preceded by a written notice of non-performance. [*Id.*]. On April 10, 2020, NWA brought this action against Ghai. [Compl.]. On June 25, 2020, Ghai filed the motion now before the Court.

## II.   PERSONAL JURISDICTION

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof. *MacDermid, Inc. v. Deiter*, 702 F.3d 723, 727 (2d Cir. 2012). "Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing." *Id.* "A plaintiff can make this [prima facie] showing through his 'own affidavits and supporting materials[,]' . . . containing 'an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant.'" *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (internal citation omitted). "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor[.]" *Id.*

> The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the

**plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.**

*Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993), *as amended* (May 25, 1993).

### a. Forum Selection Clause

Ghai argues this Court lacks personal jurisdiction over it. Ghai specifically argues that the forum selection clause does not confer personal jurisdiction because it is invalid. Mot. at 9. NWA argues that the forum selection clause is enforceable citing *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014).

"Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) (citing to *Nat'l Equip. Rental, Ltd. v. Szukhent,* 375 U.S. 311, 315–16 (1964)). "Connecticut courts continue to recognize that a party to a contract may voluntarily submit to the exercise of personal jurisdiction over it in Connecticut by agreeing to a contract's forum selection provisions." *LucidRisk, LLC v. Ogden*, 615 F. Supp. 2d 1, 5–6 (D. Conn. 2009) (collecting cases). However, several conditions must be met as will be discussed below. *D.H. Blair*, 462 F. 3d at 103.

"[I]n evaluating a motion to dismiss based on a forum selection clause, a district court typically relies on pleadings and affidavits . . . but must conduct an evidentiary hearing to resolve disputed factual questions in favor of the defendant." *Martinez*, 740 F.3d at 216–17 (internal citations omitted).

> To determine whether the district court properly dismissed a claim based on a forum selection clause, we employ a four-part analysis. We ask: (1) 'whether the clause was reasonably communicated to the party resisting enforcement'; (2) whether the clause is 'mandatory or permissive, i.e., . . . whether the parties are required to bring any dispute to the designated forum or simply *permitted* to do so'; and (3) 'whether the claims and parties involved in the suit are subject to the forum selection clause.' 'If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable.'  A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'

*Id.* at 217 (internal citations omitted) (emphasis in original).

When a forum selection clause is presumptively valid, only a strong showing that it should be set aside can overcome that presumption. *In re Assicurazioni Generali S.p.A. Holocaust Ins. Litig.*, 228 F. Supp. 2d 348, 372 (S.D.N.Y. 2002) (citing to *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15 (1972)).  This is because forum selection clauses "further vital interests of the justice system, including judicial economy and efficiency, ensure that parties will not be required to defend lawsuits in far-flung fora, and promote uniformity of result." *Id.* at 219.

Further, consistent with the longstanding principle of freedom of contract, "contracts entered into freely generally should be enforced because the financial effect of forum selection and choice of law clauses likely will be reflected in the value of the contract as a whole." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993).

1. Reasonably Communicated

Ghai argues that the Agreement is invalid because the two signature pages are different; noting that the second signature page, signed by Mr. Kehr, does not

6

have the page number and footer which appear on the first page. Mot. at 10. He further postulates that, because the signature pages differ, the body of the Agreement was changed. Lastly, Ghai asserts that Mr. Kehr did not have authority to bind Ghai to the terms of the Agreement.

The Court rejects Ghai's arguments. The fact that the Agreement was signed in counterparts which were not identical in form does not support a conclusion that the forum selection clause was not reasonably communicated to Ghai. This is especially true here where the forum selection clause appeared on both signature pages, each signed by both Mr. Ghai and Mr. Kehr.

In addition, even if another page of the Agreement was changed, that change would not affect the validity of the forum selection clause. Having executed a signature page with the identical forum selection clause, Mr. Ghai and Mr. Kehr both assented to this forum. Further, Ghai's argument that Mr. Kehr did not have apparent authority does not put into issue whether the forum selection clause was reasonably communicated.

The complaint contains sufficient allegations and evidence that Mr. Kehr did have apparent authority to bind Ghai.

> Apparent authority is "the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with *the other's manifestations* to such third persons. Further, in order to create apparent authority, the *principal must manifest to the third party* that he "consents to have the act done on his behalf by the person purporting to act for him."

*Fennell v. TLB Kent Co.*, 865 F.2d 498, 502 (2d Cir. 1989) (citing to Restatement (Second) of Agency § 8 (1958)) (emphasis in original). At this, the

motion to dismiss stage, the Court assumes the truth of the well-pleaded allegations of the complaint. *Whitaker*, 261 F.3d at 208. The complaint does allege apparent authority because the Agreement was filed with the complaint and the signature block signed by Mr. Ghai, holding himself out to be signing in his capacity as the chief executive officer, agreed to the terms of the forum selection clause, submitting to the jurisdiction of this district.

In further support, Mr. Ghai sent an email to NWA telling them to "work with" Mr. Kehr. Obj. at. Ex. A. Thus, Mr. Ghai, as the principal, manifested to NWA that he consents to Mr. Kehr representing Ghai's interests in their relationship.

Even if Mr. Kehr did not have apparent authority, the complaint sufficiently alleges that Ghai ratified the Agreement by accepting and paying for services under its terms for approximately two years. *See Connecticut Car Rental, Inc. v. Prime One Cap. Co., LLC.*, 247 F. Supp. 2d 158, 166 (D. Conn. 2003) ("A principal who accepts the benefits of an agent's unauthorized contract is estopped to deny the agent's authority.").

Therefore, the Court finds that the complaint sufficiently alleges the forum selection clause was reasonably communicated to and agreed to by Ghai and that it is estopped from challenging its enforceability.

2. *Mandatory or Permissive*

Ghai argues that the forum selection clause is permissive but cites to no authority. Mot. at 11. The forum selection clause states that "the parties agree that all disputes which may arise under this agreement shall be adjudicated in the State or Federal Courts located in the State of Connecticut." The language of the

Agreement is wholly unequivocal and unambiguous. Ghai's argument is unsupported and meritless. The Court finds Ghai has failed to establish the forum selection clause is mandatory.

3. *Claims Nexus to Clause*

Ghai does not argue that the claims and parties involved in this case are not subject to the forum selection clause. This suit relates to Ghai's alleged failure to comply with the terms of this Agreement as outlined above. This Agreement contains the forum selection clause at issue. Therefore, the Court finds that the claims and parties involved in this case are subject to the forum selection clause.

4. *Unreasonable, Unjust, Fraud or Overreaching*

Having now found that factors one through three as stated above have all been met, the forum selection clause is presumed valid. This presumption can be overcome if Ghai can make a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Ghai argues that enforcement of the agreement would be unreasonable and unjust because it would require Mr. Ghai to travel to Connecticut during the COVID-19 pandemic. Mot. at 11. Ghai states that Mr. Ghai suffers from medical conditions that make him susceptible to serious illness if he contracts COVID-19. *Id.* Further, Ghai argues that enforcement is unreasonable because some of the witnesses— the haulers contracted with NWA to provide services for Ghai—are not located in Connecticut.

The first argument fails because it has become common practice for depositions to be taken via videoconference and there is no reason for Mr. Ghai to appear in Connecticut until the actual trial. Considering that the trial is only scheduled to begin at its soonest on January 18, 2022; [Dkt. 30]; it would be mere speculation at this time that Mr. Ghai would be unable to travel over a year from now. The second argument also fails because the inconvenience to the potential witnesses does not constitute a sufficiently strong showing that enforcement would be unreasonable or unjust. *Martinez*, 740 F.3d at 217.

This forum selection clause is included in the Agreement between a Connecticut service company and a California based managing company. Litigation to enforce the agreement would necessarily occur in the forum state of one of the parties. This is a fact anticipated, negotiated, and resolved by the parties in the forum selection provision of the Agreement. The Court finds that the forum selection clause is neither unreasonable nor unjust.

Ghai next argues that the forum selection clause is invalid because it is fraudulent and overreaching. Mot. at 11–12. To support this claim, Ghai states that NWA knew that Mr. Ghai was the principal of Ghai but instead had Mr. Kehr sign the Agreement. *Id.* Ghai also argues that the Agreement attached to the complaint is incomplete because the Addendum was not attached. *Id.* The Court rejects both arguments. As the Court states above, there is sufficient evidence alleged that Mr. Kehr had at least apparent authority to bind Ghai to this agreement. Further, the Addendum was provided to the Court in a subsequent pleading and its absence would not invalidate the forum selection clause because the forum selection clause

was on the signature page not the Addendum. The Court finds Ghai has failed to show the forum selection clause is either fraudulent or overreaching.

Accordingly, the Court finds the complaint sufficiently alleges the forum selection clause is valid and binding and thus Ghai has consented to personal jurisdiction before this Court. Because the Court finds that Ghai consented to personal jurisdiction, it need not address the claims made under the Connecticut long-arm statute and the Due Process Clause of the United States Constitution.

### III. FAILURE TO STATE A CLAIM

Ghai argues that the breach of contract claim must fail because NWA has failed to allege a valid agreement exists between the parties. Mot. at 7. In support of this, Ghai claims that the first signature page does not form a contract because it was not counter signed by NWA. *Id.* at 8. Ghai also claims that the second signature page does not form a contract because the footer is different than that of the first signature page and the rest of the Agreement. *Id.* Though Ghai argued that the Agreement also missed material terms because NWA had not provided Addendum A, Addendum A has been provided to the Court. *See* Opp. Ex. B.

Here, the Court finds that the Plaintiff has alleged sufficient facts to overcome dismissal that the parties are subject to the Agreement. The Court rejects Ghai's argument that the service agreement attached to the complaint does not constitute proof of an agreement. The first signature page clearly bears the signature of Mr. Ghai, though it is not countersigned, the party resisting enforcement signed it. The second signature page clearly bears Mr. Kehr's signature who, as stated above, had at least apparent authority to bind Ghai to the

agreement. Further, as stated above, this Agreement was ratified by Ghai. The mere fact that the contract was assented to twice by Ghai does not prove or even reasonably call into question, the existence of an agreement to justify dismissal. Therefore, the Court denies Ghai's motion to dismiss counts one and two.

Ghai argued in its reply that the Court should dismiss count four because the Plaintiff failed to allege the wrongful conduct took place in Connecticut as required under CUTPA. Ghai merely states, without explanation, the alleged wrongful conduct could only have taken place in California. Reply at 9. Ghai cites to *Gulf Underwriters Ins. Co. Hurd Ins. Agency, Inc.*, No. Civ.A. 3:03crv1277, 2004 WL 1084718 (D. Conn. May 11, 2004) claiming that it supports dismissal because "the court dismissed the CUTPA claim for lack of personal jurisdiction because there was no evidence that the defendant committed the alleged tort in Connecticut." *Id.* In *Gulf Underwriters*, the plaintiff brought a declaratory judgment action against both the defendant-insurance company and its CEO. *Gulf Underwriters*, 2004 WL 1084718 at *1. The court dismissed the allegations against the CEO because it did not have personal jurisdiction, *Id.* at *4, not because it failed to state a claim upon which relief can be granted. Here, the Court has found that Ghai consented to personal jurisdiction in Connecticut. Therefore, *Gulf Underwriters* is inapplicable and the Court denies Ghai's motion to dismiss count four.

IV.   VENUE

Ghai argues that this action should be transferred pursuant to 28 U.S.C. § 1404. Mot, at 12–15. NWA argues that venue is proper in Connecticut based on the forum selection clause. Opp. at 9–16.

Section 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

When there is a valid forum selection clause, the forum selection should give controlling weight "in all but the most exceptional circumstances. " *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dis. Of Texas*, 571 U.S. 49, 63 (2013) ("*Atlantic Marine*"). In *Atlantic Marine*, the Supreme Court was required to determine when a court should transfer venue to the venue stated in the forum selection clause. This case is distinct because here the forum venue is the forum selected in the forum selection clause.

As held in *Atlantic Marine*, the court is to consider only public interest factors justifying transfer. *Id.* at 64. "[T]hose factors will rarely defeat a transfer motion." *Id.* Only in "unusual circumstances" will the forum selected by parties not be controlling. *Id.* Here, because the Court finds there is a valid forum selection clause, the only factors the Court may consider in determining whether the transfer this case are public interest factors. *See Atlantic Marine*, 571 U.S. at 64.

Mr. Ghai argues that the COVID-19 pandemic constitutes an exceptional circumstance overriding the forum selection clause. Mot. at 14. However, as addressed above, the deposition of Mr. Ghai can be conducted via

videoconference. NWA has indicated it is willing to accommodate him. *See* Opp. at 3 n.1. If NWA resists, Ghai can file a motion with the Court seeking relief from an in-person deposition.

Ghai also argues that California would be the more proper venue because the witnesses to this case—namely the haulers contracted with NWA to service Ghai—do not reside in Connecticut. Mot. at 4–5. In an affidavit by Ghai Vice President of Operations, Steve Thomas, two of the vendors are in Sacramento, California and one is in Lombard, Illinois. Reply. The Court rejects this argument. The fact that some of the witnesses are not located within this forum does not constitute an exceptional circumstance overcoming a contractually chosen forum. It is quite common that witnesses in a civil case do not reside within the forum state. Further, there are witnesses who will likely be called that do reside in this state, including employees of NWA. Therefore, the Court denies Ghai's request for transfer because it has not established exceptional circumstances that justify setting aside the contractually chosen forum and transferring this case.

V.   CONCLUSION

For the aforementioned reasons, Ghai's motion to dismiss is DENIED and Ghai's motion to transfer is DENIED.

IT IS SO ORDERED.

                                                      /s/
                                   Hon. Vanessa L. Bryant
                                   United States District Judge

Dated this day in Hartford, Connecticut: March 29, 2021